UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EMMA SARGENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-1183 |
| ) | |
| RUSSELL IDLE AND ) | |
| CITY OF GALESBURG, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

Before the Court is Defendants' Motion for Summary Judgment [Doc. # 14], Plaintiff's Responses [Docs. ## 16, 18], Defendants' Reply [Doc. # 19], and Plaintiff's Surreply [Doc. # 20]. For the reasons that follow Defendants' Motion for Summary Judgment will be granted in part and denied in part.

### Background

The record reveals the following undisputed facts. On July 1, 2002, Galesburg Police Officer Russell Idle ("Idle") and his partner observed Robert Sargent ("Robert") participate in an illegal drug transaction. (Plaintiff's "Motion for Summary Judgment Amended Copy," Doc. # 18 at 14 [hereinafter Pl.'s Resp.].) When the officers attempted to arrest Robert, he fled and Idle pursued him. (Id.) While Robert acknowledges that he was chased by police officers, he attests that he never ran into his mothers home at 683 W. South Street. Instead he states that he ran down Tompkin Street--a street one block north of South Street and running parallel to it. (Id. at 27.) Idle, on the other hand, attests that he observed Robert run "behind the houses" on South

Street and into the back door of a house on the 600 block. (Defendants' Motion for Summary Judgment, Doc. # 14 Ex. 1 at 2 [hereinafter Def.'s Mot.].) What is undisputed is that Idle entered 683 W. South Street with his weapon drawn at which time he encountered the Plaintiff Emma Sargent ("Sargent"), her grandchildren, her son Robert Jackson ("Jackson"), and her son-in-law Mearon Diggins ("Diggins"). (Id.)

The Parties dispute much of what happened next, however, the following is undisputed. Upon witnessing Idle, Sargent yelled loudly at the officer telling him to leave. (Pl.'s Resp. at 66.) Idle told Sargent he was looking for Robert to which Sargent replied "then go look for Robert and leave my babies and me alone." (Id.) Idle moved towards a stairway in the house and Sargent again yelled at him telling him he had no right to invade her home and calling him a "fat fart." Sargent then moved into the stairway blocking Idle's path. (Id. at 14, 66.) Idle holstered his weapon after determining there was no immediate threat and he called for backup. (Id. at 14.) When the backup arrived Sargent ran out to the police car telling the officers to "get the fool out of [her] house." (Id. at 21.) Idle then sprayed Sargent with mace and three officers grabbed her and handcuffed her pulling her by the arms and kneeing her in the back. (Id. at 67.) Sargent, Jackson, and Diggins were arrested for obstruction of justice. (Id. at 15.) Robert was not found in the home.[1] (Def.'s Mot. Ex. 1 at 4.)

---

[1] While searching the home, Officer Idle encountered a padlocked door. A determination was made not to forcibly enter that room and instead a warrant was issued for Robert's arrest. (Id.)

Prior to leaving, Officer Idle was assured by an adult male inside the house that there was someone to attend to the children there. (Id. at 4.) The charges against Sargent were later dismissed. (Pl.'s Resp. at 65.)

In her Second Amended Complaint, Plaintiff claims her rights were violated when the Galesburg police officers used excessive force in falsely arresting her, that the search of her home and her arrest were illegal, and that the children present at the home were illegally endangered by Idle's intrusion and when they were left without adult supervision after the adults were arrested. Defendants have moved for summary judgment arguing, *inter alia*, that Officer Idle had probable cause to enter Plaintiff's residence as he was in hot pursuit of Robert, that Sargent's arrest was supported by probable cause, and that the force used to effectuate Sargent's arrest was reasonable and necessary. In response Plaintiff argues that Robert never entered her home and thus Idle could not have been in "hot pursuit," and that Idle never identified himself as a police officer and never told her she was under arrest.

## **Legal Standard**

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence

of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets it burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

## Analysis

**A.    Plaintiff's claims against the City of Galesburg for civil rights violations fail.**

Municipal governments cannot be held liable for civil rights violations on a theory of respondeat superior. Monell v. Dept. of

Social Services of New York, 436 U.S. 658, 691 (1978).  In such cases their liability is limited to those civil rights violations that occur as a result of their official policies.  Id.  In this case, Plaintiff has not alleged any facts to suggest her rights were violated because of an official policy of the City of Galesburg.  Accordingly, these claims fail as a matter of law.

**B.   A genuine issue of material fact exists as to whether Officer Idle was in hot pursuit of Robert when he entered Plaintiff's home which precludes summary judgment in favor of Defendants on Plaintiff's claim that Officer Idle's entry into her home was illegal.**

"Warrantless searches and entries absent exigent circumstances and probable cause are presumptively unreasonable."  Mason v. Godinez, 47 F.3d 852, 855 (7th Cir. 1995), citing Payton v. New York, 445 U.S. 573, 586 (1980).  Exigent circumstances exist when there is a compelling need for official action with no time to secure a warrant such as when officers are in hot pursuit of a suspect.  Id. 856.  In this case, Defendants argue Officer Idle's entry into Plaintiff's house was reasonable because Idle was in hot pursuit of Robert after witnessing Robert participate in a crime.  Plaintiff contends that Idle could not have been in hot pursuit of Robert because Robert never entered the home.  Robert also attests that he never entered the home.  This factual dispute precludes summary judgment in favor of Defendant as to Plaintiff's claim that Idle illegally entered her home.

**C.   A genuine issue of material fact exist as to whether probable cause existed to arrest Sargent.**

Sargent was arrested on the charges of "obstructing justice" and "resisting a peace officer."  Under Illinois law, the crime of

5

"obstructing justice" requires a person have the "intent to prevent the apprehension or obstruct the prosecution or defense of any person." 720 ILCS 5/31-4. As discussed above, a genuine issue of material fact exists as to whether Officer Idle saw Robert enter Plaintiff's home. Thus, a reasonable jury might find that Officer Idle did not see Robert enter Plaintiff's home, and that Officer Idle's conclusion that Plaintiff intended to impede his apprehension of Robert (for example, by stepping in front of the stairway) was unreasonable. Accordingly, this genuine issue of material fact precludes summary judgment in favor of Defendant based on an a charge of obstructing justice.

Under Illinois law, the crime of "resisting a peace officer" requires more than "mere argument with a policeman about the validity of an arrest or other police action" and "proscribe[s] only some physical act which imposes an obstacle which may impede, hinder, interrupt, prevent or delay the performance of the officer's duties, such as going limp, forcefully resisting arrest or physically aiding a third party to avoid arrest." People v. Raby, 40 Ill.2d 392, 398-99 (1968). In this case, there is a dispute as to whether Plaintiff physically resisted or impeded the officers as Plaintiff asserts that she merely argued and yelled at the officers while the officers attest that Plaintiff physically engaged them. Thus, a genuine issue of material fact exists as to whether probable cause existed to arrest Plaintiff on the charge of resisting a peace officer. In summary, the Court cannot say no reasonable jury could find in favor of Plaintiff on her claim that her arrest was illegal and Defendants' motion is denied as to this

claim. Cf. Morfin v. City of East Chicago, 349 F.3d 989, 997 (7th Cir. 2003) ("It is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest.")

**D. A genuine issue of material fact exists as to whether Officer Idle used excessive force in arresting Plaintiff.**

A claim that an officer used excessive force in the course of an arrest is analyzed under the Fourth Amendment reasonableness standard. Graham v. O'Conner, 490 U.S. 386, 395 (1989). In applying this standard, the Supreme Court has warned that "its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." In this case there is a factual dispute as to whether Officer Idle ever told Plaintiff that she was under arrest before he sprayed her with mace. Further, there is a dispute as to whether Plaintiff actively resisted being arrested. Accordingly, considering the facts in the light most favorable to Plaintiff, the Court cannot say Officer Idle's conduct was reasonable in this case. Thus, summary judgment as to Plaintiff's excessive force claim is denied. Cf. Morfin 349 F.3d at 989 (summary judgment not appropriate as to plaintiff's excessive force claim where plaintiff's version of facts indicated that he was docile and cooperative during arrest and that he did not resist arrest even though plaintiff admitted crossing arms to avoid being handcuffed).

**E. There are material issues of disputed fact as to whether Officer Idle is entitled to qualified immunity.**

Defendants argue Officer Idle is entitled to qualified immunity because a reasonable officer in his situation would not have believed he was violating a constitutional right. Defendants' argument assumes that Officer Idle entered Plaintiff's residence after witnessing Robert enter it and that Idle was physically accosted after he entered. As discussed above, Plaintiff disputes both of these facts. Furthermore, viewing the facts in the light most favorable to Plaintiff, the Court cannot say that a reasonable officer would not have believed he was violating Plaintiff's constitutional rights.

**F. Plaintiff's child endangerment claim is time barred.**

The only claim Plaintiff could maintain based on child endangerment would be under state law. Under Illinois law, civil actions commenced against a local public entity must be commenced within one year of the accrual of the cause of action. Thus, Plaintiff had until July 1, 2003 to bring any such actions. This case was not filed until 2004. Consequently, Plaintiff's "child endangerment" claim is time barred.

## Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment [Doc. # 14] is GRANTED IN PART and DENIED IN PART. It is granted with respect to Plaintiff's claims against the City of Galesburg and with respect to any claim based on child endangerment. It is denied in all other respects.

IT IS FURTHER ORDERED that the Parties submitted a joint

proposed final pretrial order including proposed jury instructions on or before December 2, 2005.

Entered this  16th  day of November, 2005.

                                               s/ Joe B. McDade  
                                               JOE BILLY McDADE  
                                     United States District Judge